JAMES M. COOKE, an Infant, by JAMES J. COOKE, His Guardian ad Litem, et al., Appellants, *v.* JEFFREY S. DRIGANT, Defendant, and JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.

314

Argued October 29, 1942; decided December 3, 1942.

*Richard J. Maloney* and *John C. Doyle* for appellants. The trial court erred in setting aside the verdict as against the defendant insurance company, and in granting the motion for a directed verdict in its favor. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Seymour* v. *Greenwood*, 6 H. & N. 359; *Courtney* v. *Baker*, 60 N. Y. 1; *Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Justice* v. *Lang*, 52 N. Y. 323; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100; *Galletta* v. *Taylor-Fichter Steel Const. Co.*, 232 App. Div. 256; *Kanigher* v. *Schwerin Air Conditioning Corp.*, 280 N. Y. 751; *Burdo* v. *Metropolitan Life Ins. Co.*, 254 App. Div. 26; 279 N. Y. 648; *Metropolitan Life Ins. Co.* v. *N. Y. State Labor Relations Board*, 280 N. Y. 194; *Matter of Theyken* v. *Diplomat Products, Inc.*, 268 N. Y. 658; *Davis* v. *Merrill*, 133 Va. 69.)

*Walter L. Glenney* and *Chauncey L. Grant* for respondent. The defendant insurance company did not control the individual defendant in the operation of his automobile and the rule of *respondeat superior* does not apply. (*Fritz* v. *Krasne*, 248 App. Div. 573; 273 N. Y. 649; *Gutov* v. *Krasne*, 285 N. Y. 595; *Dunne* v. *Contenti*, 167 Misc. Rep. 925; 256 App. Div. 833; *Braice* v. *Saunders*, 262 App. Div. 968: *Brown* v. *John Hancock Mutual Life Ins. Co.*, 263 App. Div. 872; *Natell* v. *Taylor-Fichter Steel Constr. Co.*, 257 App. Div. 764; 283 N. Y. 737; *Sudowski* v. *Toledo Scale Co.*, 243 App. Div. 553; *Howitt* v. *Hopkins*, 219 App. Div. 653; 246 N. Y. 604; *Malloy* v. *Scott*, 248 App. Div. 882; *Haykl* v. *Drees*, 247 App. Div. 90; 272 N. Y. 577; *Charles* v. *Barrett*, 233 N. Y. 127;

*Hutchins* v. *John Hancock Mut. Life Ins. Co.*, 192 Atl. Rep. 498; *Wesolowsky* v. *John Hancock Mut. Life Ins. Co.*, 162 Atl. Rep. 166; *Holzworth* v. *Penn. P. & L. Co.*, 337 Pa. St. 235; *Pyyny* v. *Loose-Wiles Biscuit Co.*, 253 Mass. 574.)

FINCH, J. This is an action to recover damages for injuries sustained by reason of the negligence of the individual defendant, Drigant. Drigant, a collection agent of the respondent insurance company, was driving his own car from his assigned collection area at One Hundred and Forty-second street, New York city, to the company's office at One Hundred and Seventy-fourth street, when he ran down and injured the infant-plaintiff at the corner of Amsterdam avenue and One Hundred and Fifty-eighth street on the afternoon of September 18, 1937. His negligence is not disputed upon this appeal.

The infant-plaintiff and his father, suing for loss of services and medical expenses, recovered a jury verdict against both Drigant and the insurance company. The trial judge set the verdict aside and directed a verdict for the insurance company. The Appellate Division affirmed. The case comes here by way of leave to appeal by this court.

Whether there is any evidence to sustain the finding of the jury that defendant Drigant was an employee of the respondent insurance company and that the infant-plaintiff was injured while Drigant was acting within the general scope of his employment are the questions presented on this appeal.

The individual defendant, Drigant, had been employed by the respondent insurance company for approximately one year and three months prior to the accident on September 7, 1937. His work involved going from house to house collecting premiums for the respondent and soliciting new policies. He was limited to a " debit " territory in the borough of Manhattan, three blocks wide and four blocks long, running from One Hundred and Thirty-ninth street to One Hundred and Forty-second street between Convent avenue and Riverside Drive. He was the exclusive collecting agent for the respondent in that territory. In addition, he was, however, expected to solicit new insurance throughout the State.

The Company's office, from which Drigant worked, was located on Broadway near One Hundred and Seventy-fourth street, approximately thirty-two blocks north of his debit area. Drigant was required to attend consultations at the office on three specified mornings of each week, and also to visit it one afternoon each week. It had become customary, but not obligatory, among the collectors to visit the office on Wednesday afternoons in order to prepare for the settlement of their accounts on Thursday morning. Drigant was on his way to such a Wednesday afternoon visit to the office when he ran down and injured with his own car, which he was driving, the infant-plaintiff at the intersection of Amsterdam avenue and One Hundred and Fifty-seventh street, approximately halfway between the debit area and the office.

There were direct and inexpensive bus and subway transportation facilities between the debit area and the office. In fact Drigant testified without contradiction that he had used the busses or subway for going to and from the office for six to ten months before he owned an automobile.

Drigant was not required to operate an automobile and received no additional compensation therefor, and was not reimbursed for expenses incurred in its operation. The respondent insurance company knew, however, that he owned and operated an automobile, and required that it be covered with automobile liability insurance.

There is abundant evidence in the record to support the finding of the jury that Drigant was an employee of the respondent, rather than an independent contractor. Drigant was required to devote his whole time to the respondent's business. He was assigned a specified debit area and was required to collect weekly premiums on industrial insurance therein. He had little discretion as to the time he would work or the methods he would use. A list of accounts were furnished him upon which he had to call. He had to comply with various regulations laid down by respondent for his guidance, and was required to visit the office periodically. His diligence was checked by his superior on inspection trips into his assigned collection area. From the foregoing facts, it may be inferred that respondent effectively regimented the activities of Drigant into a pattern of minute and detailed control so as to disprove the existence

of any relationship other than that of employer and employee. (*Matter of Electrolux Corp.*, 288 N. Y. 440.)

Upon the record, a close question of fact was presented as to whether Drigant's operation of his car was within the scope of his employment for the respondent insurance company. The fact that he was not required to operate his own car and did so only at his own option and received no reimbursement therefor would indicate that the operation of the car was outside the range of the employment. (American Law Institute, Restatement of the Law of Agency, § 239, comment b.)

On the other hand, there is evidence that respondent was informed that the car was being used in its business and required that it be covered by liability insurance. While these last two facts, standing alone, would have little, if any, probative value, there is present in the case at bar the additional fact that Drigant was expected to solicit new business throughout the State wherever it might be found. There could be found, by the jury, in this requirement to solicit business over a large territory an inherent implied authority for Drigant to make use of the most efficient and adaptable means of transportation. The jury was further warranted in finding that this inherent requirement to make use of the most efficient means of transportation included the operation of an automobile. (*Burdo* v. *Metropolitan Life Ins. Co.*, 279 N. Y. 648; *Kanigher* v. *Schwerin Air Conditioning Corp.*, 280 N. Y. 751.)

Likewise the contention that Drigant was acting outside the physical orbit of his employment must fail since it is undisputed that he was proceeding on the most direct route between his assigned collection area and the office of the respondent. The verdict of the jury cannot be said, therefore, to be without substantial evidence in its support and was erroneously set aside.

The judgments, so far as appealed from, should be reversed, with costs in this court and in the Appellate Division and the verdict of the jury as against the defendant, John Hancock Mutual Life Insurance Company, reinstated.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.