■ TREVOR P. JOHNSON, as Administrator of the Estate of DAVID A. JOHNSON, Deceased, et al., Respondents, v. DAILY NEWS, INC., Appellant, and RICHARD OLIVER, JR., Defendant.— Order, Supreme Court, New York County, entered on September 20, 1972, denying appellant's motion for summary judgment, affirmed, without costs and without disbursements, with leave to the appellant to renew the motion, if so advised, after completion of discovery proceedings. Since the nature and extent of the relationship between appellant and its employee Oliver are matters peculiarly, if not exclusively, within the appellant's knowledge, summary disposition of this action, as against appellant should await complete pretrial disclosure proceedings which should include an opportunity by plaintiffs to inspect appellant's pertinent insurance policies. If plaintiffs can establish that the appellant knew that Oliver was using his automobile in its business and required that it be covered by liability insurance and further that Oliver was on call at all times and was to report news wherever it might be found, there could be found an inherent implied authority for Oliver to make use of the most efficient and adaptable means of transportation. This might lead to a finding that this inherent requirement to make use of the most efficient means of transportation included the operation of an automobile (Cooke v. Drigant, 289 N. Y. 313; Burdo v. Metropolitan Life Ins. Co., 279 N. Y. 648; Kanigher v. Schwerin Air Conditioning Corp., 280 N. Y. 751); and hence that at the time of the accident the automobile was being operated within the scope of Oliver's employment by appellant. Order, Supreme Court, New York County, entered on October 26, 1972, does not deny the plaintiff the right to further discovery, and is affirmed, without costs and without disbursements. Concur — Nunez, J. P., Kupferman and Capozzoli, JJ.; Murphy and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We would reverse and grant summary judgment to the moving defendant. The majority has denied that relief at this time, presumably on the ground that plaintiffs might develop facts on an examination before trial or disclosure which would refute the defense which is, on this record, undenied. We do not perceive how the material sought by plaintiffs could possibly accomplish this result. The action, for wrongful death and personal injuries, arises out of an automobile collision. The defendant Oliver, not the moving defendant, was the owner and driver of the car. The moving defendant is his employer. It was established by unchallenged documentary evidence that the accident occurred on Oliver's day off and concededly while Oliver was engaged in his own affairs, quite outside his employment. The moving defendant publishes a newspaper and Oliver is one of its reporters. It is true that he was on call at all times, but there is no claim that his services had been requested at the time in question. It is plaintiffs' contention that if Oliver should happen to become aware of some newsworthy incident while driving his car when off duty, he would immediately assume his duties. Granting that this may well be true, in the absence of any proof or even a claim that such is the situation, it is not sufficient to fasten liability on his employer (Lundberg v. State of New York, 25 N Y 2d 467; Zeglen v. Minkiewicz, 12 N Y 2d 497). Plaintiffs' claim as limited by their bill of particulars is that defendant was negligent in hiring Oliver, a man with a known propensity to use alcoholic liquors in an occupation in which he might use an automobile. How defendant could

prevent Oliver from using his own car on his own time is not clear. The material that plaintiffs seek to discover, even if it will accord wholly with what they expect, will be of no avail. They are seeking information as to the insurance on the car — whether the employer paid in whole or in part for this insurance and whether it obtained any coverage. All this would establish is what is not disputed, that Oliver did on occasion use his car in pursuance of his duty. It would have no bearing on whether he was so using it at the time in suit. On the proof that is before us, plus the most favorable facts to be obtained from the proposed disclosure, the court on a trial would have to direct a verdict for the moving defendant.