## (April 29, 1982)

■ In the Matter of RALPH J. CARRERAS, Appellant, v ROBERT McGUIRE, as Police Commissioner of City of New York, et al., Respondents. — Judgment, Supreme Court, New York County (Cahn, J.), entered October 10, 1980, which denied and dismissed the petition seeking an accident disability pension and granted petitioner an ordinary disability pension, unanimously reversed, on the law and the facts, petition reinstated and the matter remanded for further

proceedings, without costs. Petitioner, a New York City police officer, assigned to duty as a liason to the Unified Intelligence Division of the Drug Enforcement Administration (D.E.A.) of the United States Department of Justice, was involved in an automobile accident on December 4, 1978 while traveling from his office to his home. The automobile had been assigned to him in furtherance of his duties and he had executed a use and storage request on a Department of Justice form, which in pertinent part, stated "[t]he character and nature of my work makes such transportation and storage necessary and in the best interest of the Government." Petitioner sought a "line of duty" disability pension, alleging that the accident was incurred in the line of duty. Respondent took the position that, although the use of particular vehicle by the petitioner and the storage of that vehicle at his home was mandated by specific assignment to D.E.A., petitioner was not on duty. In *Fitzgerald v Lyons* (39 AD2d 473, 475-476), the court stated: "While the general rule is that an employee is not acting within the scope of his employment in traveling to and from work, even though he uses a motor vehicle furnished and owned by his employer to do so, if it is shown that the employer has some special interest or derives some special benefit from his employee's use of the automobile in going to and from work, then a finding that the employee is acting within the scope of his employment is justified (*Barber* v. *Jewel Tea Co.*, 252 App. Div. 362; 4 N. Y. Jur., Automobiles, § 472; Ann. 52 ALR 2d 350, 362, 363)". We are of the view that this matter be remanded for further proceedings to allow petitioner an opportunity to make a record as to whether the automobile was being used in the course of his employment and whether it was assigned to him for respondent's special benefit rather than for petitioner's personal convenience. Concur — Murphy, P. J., Sullivan, Carro, Markewich and Milonas, JJ.