■ M. Kirimuha Baguma, Appellant, v William Walker et al., Defendants, and Early Bird Messenger Service, Inc., Respondent. [599 NYS2d 603] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 30, 1992, which granted a motion by defendant Early Bird Messenger Service, Inc. ("Early Bird") for summary judgment dismissing the complaint against it, reversed, on the law, and the motion denied, without costs.

On the morning of May 26, 1987, plaintiff was standing alongside his own parked car when he was struck and injured allegedly as a result of the negligent operation of a vehicle being driven by defendant Walker. At that time Walker was driving in the Bronx en route to his employment as a delivery messenger for Early Bird, whose headquarters were located on West 36th Street in Manhattan. According to Walker's deposition testimony, he would travel to the Early Bird office in the morning and wait for a schedule of delivery assignments, for which he would be paid on a commission basis. Walker also testified that his employer understood that he would be utilizing his own vehicle, a 1977 Mercury Montego, to make the deliveries. When he was hired, Walker submitted his license,

registration and insurance documents, and was told to report in the early morning for his assignments. He also stated that Early Bird required him to maintain commercial plates on his vehicle, but that he was not reimbursed for mileage, registration, insurance, or other costs in connection with the operation of his vehicle.

Based on the foregoing, Early Bird moved for summary judgment pursuant to CPLR 3212 on the ground that as an employer (the employer-employee relationship being conceded), it was not subject to respondeat superior liability when its employee was merely driving to and from work. As a general proposition, this is a sound statement of the prevailing law which the motion court applied in dismissing the complaint, citing *Lundberg v State of New York* (25 NY2d 467) and *Matos v Depalma Enters.* (160 AD2d 1163).

However, we conclude that the motion court (and likewise the dissent) has overlooked a long-recognized exception to the general rule where an issue is raised as to whether the employee's operation of the car was within the scope of, and incidental to, his employment *(Cooke v Drigant,* 289 NY 313; *see also, Matter of Carreras v McGuire,* 87 AD2d 790). On this record a jury would be free to find that Walker's use of the vehicle on the day of the accident was not simply to convey him to work, but rather that it was necessary for Walker to bring the vehicle to the Early Bird dispatching office for the benefit of the employer in conducting its business. Such a finding would trigger Early Bird's respondeat superior liability if plaintiff's cause of action against Walker were to prevail. Concur—Milonas, Rosenberger and Wallach, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would affirm.

The memorandum decision by the motion court correctly analyzes the applicable law. The motion court emphasized that different considerations apply in workers' compensation cases than to cases involving injuries to third persons. Here the majority relies on *Matter of Carreras v McGuire* (87 AD2d 790), where the issue was whether a vehicular injury to a police officer who was driving a police car, that he kept overnight, while on his way home from work should be considered a line of duty injury. It is and should be the policy of the law to construe liberally an employer's duty with respect to injuries to employees related to their work. Where the injury is to third persons, different policy considerations apply.

The other authority relied upon by the majority is *Cooke v Drigant* (289 NY 313), which involved the use by an employee of his own car in the course of his work. We are referred to no authority holding an employer liable for negligence in causing a vehicular accident while commuting to work.

The employer defendant, Early Bird Messenger Service, Inc., exercised no control over defendant while he was driving his own car to work *(see, Lundberg v State of New York,* 25 NY2d 467).

There is no sound policy reason to support the majority's extension of liability to the employer under the "special benefit" theory. The record indicates that the owner/driver of the car had insurance.