■ EMILIO MORALES, Respondent, v LIVING SPACE DESIGN, INC., Appellant. (And Another Action.) [717 NYS2d 179] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about October 4, 1999, denying defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

While riding a bicycle, plaintiff was struck by a white van that left the scene of the accident. Plaintiff thereafter commenced this action for personal injuries resulting therefrom against defendant Living Space Design, Inc., alleging that it was the owner of a vehicle bearing license plate number ER 3577 that had struck him. In its answer, Design admitted that it owned a vehicle with that license plate number but denied any involvement in the accident.

Defendant moved for summary judgment, showing that the police officer who responded to the scene obtained the license plate number of the offending vehicle from an eyewitness, Herberto Laboy, and noted that number, X1Z-979, in his police report. At his deposition, plaintiff testified that his friend Laboy followed by bicycle the white van that had struck him, took the license plate number and gave it to the police. Although both observed a white van, neither Laboy nor plaintiff could recall any lettering on the van or the make of the vehicle. In his supporting affidavit, Living Space's president stated that neither he nor any of his employees was involved in the complained of

accident; nor were any of his vehicles. He further stated that Living Space did not own any vehicle with license plate number X1Z-979. With no explanation whatever, the IAS Court denied the motion. We reverse.

Living Space provided sufficient evidentiary proof to establish that it had no involvement in the accident. Plaintiff failed to offer a scintilla of proof in admissible form that, as alleged, a vehicle bearing license plate number ER 3577, admittedly owned by Living Space, was involved in the accident. Thus, he failed to refute Living Space's evidence or raise an issue of fact. In such circumstances, summary judgment should have been granted. (*Zuckerman v City of New York*, 49 NY2d 557.)

We take this opportunity to note our disapproval of disposing of a motion such as this without any explanation or reason stated. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.