OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed with costs.
Defendant Jamie Towers Housing Company, Inc. owns a four-building cooperative housing complex in the Bronx. Jamie Towers contracted with defendant Lance Investigation Service, *641 Inc. to provide security services, including 24-hour security guards, for the housing complex.
In June 1994, Jahi James and two companions, all residents of the housing complex, were accosted by a gang of teenagers while on a pathway between two of the complex’s buildings. James and his companions fled through the unlocked front glass doors and into the vestibule of the closest building in the complex. Intercoms for the apartments were located in the vestibule, and access to the building’s lobby from the vestibule was through a pair of locked glass doors. James, the last of the three to enter the building, found himself stranded alone in the vestibule outside the locked glass doors, for which he had no key because he did not reside in the building. The gang caught up with James there and assaulted him. None of the security guards was stationed in the building’s lobby at the time.
James’s father commenced this action on his infant son’s and his own behalf, alleging that Jamie Towers and Lance negligently failed to provide adequate security and negligently allowed security personnel to abandon their post in the building’s lobby. Plaintiffs also claimed breach of contract on the theory that James was a third-party beneficiary of the contract between Jamie Towers and Lance.
After plaintiffs filed a note of issue, Lance moved for summary judgment dismissing the complaint and all cross claims asserted against it. Jamie Towers cross-moved for summary judgment dismissing the complaint and all cross claims asserted against it; plaintiffs opposed the motions and cross-moved for summary judgment on the issue of whether James was a third-party beneficiary of the contract between Jamie Towers and Lance. Supreme Court denied all the motions and cross motions, and Jamie Towers and Lance appealed. The Appellate Division, with two Justices dissenting, reversed and dismissed the complaint. This appeal ensued.
As to Jamie Towers, both the majority and the dissent below correctly ruled that by providing locking doors, an intercom service and 24-hour security, Jamie Towers discharged its common-law duty to take minimal security precautions against reasonably foreseeable criminal acts by third parties (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519-520 [1980]; see also Jacqueline S. v City of New York, 81 NY2d 288, 295 [1993]).
In addition to this common-law claim, plaintiffs raised a claim against both defendants based on an alleged breach of the contract between Jamie Towers and Lance. Assuming *642 without deciding that Lance owed plaintiffs a duty of care (which Lance did not contest), plaintiffs failed to raise a triable issue of fact concerning the scope and breach of that duty. They likewise failed to raise a triable issue of fact regarding Jamie Towers’ failure to ensure that Lance performed its contractual duty.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Grafpeo and Read concur.
Order affirmed, with costs, in a memorandum.