■ ROGER BAILLARGEON et al., Respondents, v KINGS COUNTY WATERPROOFING CORP. et al., Defendants, and GORDON H. SMITH CORPORATION, Appellant. [815 NYS2d 261]—

In an action to recover damages for personal injuries, etc., the defendant Gordon H. Smith Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated August 6, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly slipped and fell on a wet floor while installing a carpet at the Jacob Javits Convention Center (hereinafter the Javits Center). The plaintiffs commenced this action to recover damages for personal injuries, etc., alleging that prior to the accident the defendants had been hired by the Javits Center to repair a recurrent leaking condition of the glass roof and that the accident occurred as a result of their negligence in repairing the roof in the area where the injured plaintiff fell. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that the injured plaintiff could not identify what caused him to slip and fall.

The Supreme Court properly denied the appellant's motion. The appellant failed to establish its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The appellant did not dispute the plaintiffs' allegations that it had attempted to repair the leaking roof prior to the accident. The appellant relied on selected portions of the injured plaintiff's deposition testimony that he did not observe any water on the floor either before or after the accident or on his clothing. However, the injured plaintiff also testified to a recurring condition of rain water and melting

snow leaking from the glass roof onto the floor, that it had rained the prior evening, and that "his hand was in water" after the fall. In light of this testimony, questions of fact exist as to whether a dangerous condition existed on the floor which caused the injured plaintiff to slip and fall and, if so, whether the appellant created the dangerous condition by negligently repairing the roof (*see Doize v Holiday Inn Ronkonkoma,* 6 AD3d 573, 574 [2004]). The appellant's failure to make a prima facie showing of entitlement to judgment as a matter of law required denial of its motion, regardless of the sufficiency of the plaintiffs' opposing papers (*see Alvarez v Prospect Hosp., supra* at 324). Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.