■ ANTHONY DiSALVIO, Respondent, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF CITY OF NEW YORK et al., Appellants. [858 NYS2d 310]—

In an action to recover damages for personal injuries, the defendants Young Men's Christian Association of City of New York and YMCA of Greater New York appeal, as limited by the notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated April 13, 2007, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, and the defendant Gerrett Painting Company, Inc., separately appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

In October 2003 the defendants Young Men's Christian Association of City of New York and YMCA of Greater New York (hereinafter together the YMCA) hired the defendant Gerrett Painting Company, Inc. (hereinafter Gerrett), to fix a leaky steam pipe at one of the YMCA's facilities, as well as the damage caused by the leak. Gerrett then subcontracted the plumbing work to the plaintiff's employer.

On October 27, 2003, the plaintiff and his employer went to the YMCA's facility to fix the pipe, which was behind a cinderblock wall. In his affidavit, the plaintiff averred that, when he and his employer arrived to perform the work, a portion of the wall's base had already been removed, thereby allowing them access to the pipe. In addition, according to the plaintiff, when he and his employer performed the plumbing work, they did not perform "any work" on, or "further demolition" of, the wall.

After the pipe was replaced and tested for leaks, the plaintiff, who was sweeping up debris, allegedly was injured when the wall collapsed onto him. According to the affidavit of the plaintiff's expert engineer, that wall constituted an "extremely hazardous condition," in that it was in danger of collapsing because it had been damaged by the steam leak, and moreover, already had part of its base removed.

The plaintiff subsequently commenced the instant personal injury action against the YMCA and Gerrett, alleging, inter alia, a violation of Labor Law § 200, as well as common-law negligence. The Supreme Court properly denied those branches of the YMCA's and Gerrett's separate motions which were for summary judgment dismissing these causes of action. The submissions of the YMCA and Gerrett reveal that issues of fact exist, inter alia, as to whether the YMCA and Gerrett created a dangerous condition that caused the plaintiff's accident (see *Linkowski v City of New York*, 33 AD3d 971, 974 [2006]; *Oganessian v Eternal Mems.*, 305 AD2d 387, 388 [2003]). Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.