■ ROGER BAILLARGEON et al., Respondents, v KINGS COUNTY WATERPROOFING CORP. et al., Respondents, and TUTTLE RUFFING COMPANY, INC., Appellant. [875 NYS2d 576]—In an action to recover damages for personal injuries, etc., the defendant Tuttle Roofing Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated February 22, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action and related cross claim insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly denied those branches of the appellant's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action and related cross claims insofar as asserted against it. The appellant did not make a prima facie showing that it was entitled to judgment as a matter of law, as it failed to establish that it neither created nor had actual or constructive knowledge of the dangerous condition that allegedly caused the injured plaintiff to slip and fall (*see DiSalvio v Young Men's Christian*

*Assn. of City of N.Y.,* 51 AD3d 711, 712 [2008]; *cf. Brown v Brause Plaza, LLC,* 19 AD3d 626, 628 [2005]; *DeBlase v Herbert Constr. Co.,* 5 AD3d 624 [2004]).

However, the Supreme Court should have granted that branch of the appellant's motion which was to dismiss the Labor Law § 241 (6) cause of action and related cross claim insofar as asserted against it. The plaintiffs did not allege a violation of any Industrial Code provision in their complaint or bill of particulars, or in opposition to the appellant's motion for summary judgment (*see Dooley v Peerless Importers, Inc.,* 42 AD3d 199, 206 [2007]; *Lofaso v J.P. Murphy Assoc.,* 37 AD3d 769, 771 [2007]; *Karapati v K.J. Rocchio, Inc.,* 12 AD3d 413, 415 [2004]). Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.