■ LINDA DIMITRAKAKIS et al., Respondents, v BRIDGECOM INTERNATIONAL, INC., et al., Appellants, et al., Defendant. [895 NYS2d 196]—

In an action to recover damages for personal injuries, etc., the defendants Bridgecom International, Inc., and Bridgecom appeal, as limited by their notice of appeal and brief, from so much an order of the Supreme Court, Westchester County (Smith, J.), entered July 16, 2009, as denied that branch of their motion which was for summary judgment dismissing the first and third causes of action insofar as asserted against them and so much of the fourth cause of action insofar as asserted against them as was based on a theory of respondeat superior.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 17, 2003, at approximately 4:50 P.M., the plaintiffs' vehicle was struck by a vehicle driven by nonparty Glen Rude, a salesman who worked for the defendants Bridgecom International, Inc., and Bridgecom (hereinafter together Bridgecom). The plaintiffs commenced this action against Bridgecom, among others, seeking to recover damages for personal injuries and loss of spousal consortium. The first, third, and part of the fourth causes of action sought recovery on the theory that Bridgecom was liable for Rude's negligent operation of his vehicle pursuant to the doctrine of respondeat superior. Bridgecom unsuccessfully moved for summary judgment dismissing the complaint insofar as asserted against it. Bridgecom appeals from so much of an order of the Supreme Court as denied that branch of its motion which was for summary judgment dismissing the first and third causes of action insofar as asserted against it and so much of the fourth cause of action insofar as asserted against it as was based on the theory of respondeat superior. We affirm the order insofar as appealed from.

The evidence submitted by Bridgecom established that although Rude reported to Bridgecom's office in Valhalla in the morning, he typically would spend a few hours each day in the field developing new business or visiting clients and customers. Bridgecom required Rude to provide his own automobile for this purpose, and paid him a monthly stipend to compensate him for his vehicle expenses. Rude was traveling from the office towards his home at the time of the accident, but Rude could not remember whether he was intending to head straight home or whether he intended to make a stop to visit an existing or

potential client. In any event, since it was necessary for Rude to bring his vehicle to and from the Valhalla office for the benefit of Bridgecom in conducting its business, Bridgecom failed to establish, as a matter of law, that Rude was not acting in furtherance of the employment-related duties he owed to it at the time of the accident. Thus, this case falls within the exception to the general rule that an employer is not liable pursuant to the doctrine of respondeat superior when its employee is merely driving to and from work (*see Lundberg v State of New York*, 25 NY2d 467, 470-471 [1969]; *Baguma v Walker*, 195 AD2d 263, 264 [1993]). Accordingly, Bridgecom failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), and the Supreme Court correctly denied that branch of Bridgecom's motion which was for summary judgment dismissing so much of the complaint insofar as asserted against it as sought recovery based on the theory of respondeat superior. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.