■ JOSEPH HARACZ, Respondent, v CEE JAY, INC., Defendant, and ADELPHI CONTRACTORS, INC., Appellant. [903 NYS2d 515]—

In an action to recover damages for personal injuries, the defendant Adelphi Contractors, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 2, 2009, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an auto mechanic, allegedly slipped and fell on a wet floor in the garage of his employer's automotive repair shop. The premises were owned by the defendant Cee Jay, Inc. (hereinafter Cee Jay), and were leased by the plaintiff's employer, Blue Chip Automotive (hereinafter Blue Chip). The plaintiff commenced this action to recover damages for personal injuries against Cee Jay and Adelphi Contractors, Inc. (hereinafter Adelphi), alleging that prior to the accident, Cee Jay had hired Adelphi to repair a recurrent leaking condition of the roof and that a dangerous condition was caused to exist as a result of Adelphi's negligence in repairing the roof.

Adelphi moved for summary judgment dismissing the complaint and the cross claim insofar as asserted against it on the grounds that the plaintiff could not identify the source of the water on the floor and, in any event, that it owed no duty of care to the plaintiff, a noncontracting party. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the cross claim as unopposed; however, it

denied that branch of Adelphi's motion which was for summary judgment dismissing the complaint insofar as asserted against it, finding the existence of triable issues of fact as to whether the water on the floor originated from the leaking roof and, if so, whether the dangerous condition on the floor was created by Adelphi's negligent repair of the roof.

The Supreme Court properly denied that branch of Adelphi's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Although a contractual obligation alone generally does not create a duty of care toward a third party (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]), the Court of Appeals, in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002] [citations omitted]), described three circumstances in which a contracting party assumes a duty to persons outside the contract. These are: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely."

Adelphi failed to establish its prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Here, the plaintiff's deposition testimony raised a triable issue of fact as to whether Adelphi's repair efforts created or exacerbated a dangerous condition (*see Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *cf. Foster v Herbert Slepoy Corp.*, 74 AD3d 1139 [2010] [decided herewith]). A contractor who " 'creates or exacerbates' " a harmful condition may generally be said to have " 'launched' " it (*McCord v Olympia & York Maiden Lane Co.*, 8 AD3d 634, 636 [2004], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d at 142). In that regard, the plaintiff testified at his deposition to a recurring condition on the premises of rain water and melting snow leaking from the roof onto the floor of the garage. He further testified that after Adelphi attempted to repair the leaky roof, the leaky condition of the roof became worse and new leaks appeared in the garage, including in the area where the plaintiff allegedly slipped. The plaintiff testified that it had snowed or rained the day before his accident, and that the floor in the third bay of the garage where he allegedly slipped was "soaked" with water. Although Richard Mohl, the owner of both Cee Jay and Blue Chip, testified at his

deposition that the day before the accident a car with snow on it was brought into the third bay of the garage, and the plaintiff testified that he had seen puddles in the third bay on one or two occasions when snow had melted off cars, this merely raised questions of fact as to the source of the water upon which the plaintiff slipped, and whether Adelphi created or exacerbated the dangerous condition by negligently repairing the leaking roof (*see Baillargeon v Kings County Waterproofing Corp.*, 29 AD3d 838 [2006]).

Where, as here, the movant fails to sustain its initial burden of making a prima facie showing of entitlement to judgment as a matter of law, summary judgment should be denied regardless of the sufficiency of the opposing papers (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]; *Alvarez v Prospect Hosp.*, 68 NY2d at 324). Rivera, J.P., Covello, Balkin and Hall, JJ., concur.