(February 28, 2012)

■ ROGER BAILLARGEON et al., Respondents, v TUTTLE ROOFING COMPANY, INC., Defendant, and FORT-CICA/ROOFING & GENERAL CONTRACTORS, INC., Appellant. [938 NYS2d 907]—

The appellant failed to establish its prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate that it did not cause or create the dangerous condition that allegedly caused the injured plaintiff to slip and fall (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Baillargeon v Kings County Waterproofing Corp.*, 60 AD3d 881 [2009]; *Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2004]). In support of its summary judgment motion, the appellant argued, among other things, that it had not performed work in the area where the injured plaintiff fell. The appellant's submissions, however, failed to establish conclusively the exact location where the injured plaintiff fell, the exact location where the appellant performed its repair work on the roof, or the source of the water upon which the injured plaintiff allegedly slipped.

The appellant contends that it owed no duty of care to the injured plaintiff. "As a general rule, a party who enters into a contract to render services does not assume a duty of care to

third parties outside the contract" (*Dugan v Crown Broadway, LLC*, 33 AD3d 656, 656 [2006]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]). "Nevertheless, a recognized exception to this rule exists where a defendant who undertakes to render services negligently creates or exacerbates a dangerous condition" (*Dugan v Crown Broadway, LLC*, 33 AD3d at 656; *see Church v Callanan Indus.*, 99 NY2d at 111; *Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142). Under the circumstances of this case, the appellant failed to establish, prima facie, that it did not create or exacerbate the dangerous condition by negligently repairing the leaking roof, as was alleged in the complaint (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142; *Haracz v Cee Jay, Inc.*, 74 AD3d 1145, 1146 [2010]; *Baillargeon v Kings County Waterproofing Corp.*, 60 AD3d at 881; *Laap v Francis*, 54 AD3d 1006, 1007 [2008]; *Dugan v Crown Broadway, LLC*, 33 AD3d at 656).

Since the appellant failed to meet its initial burden as the movant, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.