■ Lawrence Via, Respondent-Appellant, v Automated Waste Services, Inc., et al., Appellants-Respondents, et al., Defendant. [945 NYS2d 753]—

In an action to recover damages for personal injuries, (1) the defendants Automated Waste Services, Inc., and Maurice Foster appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated June 8, 2011, as, upon reargument, adhered to an original determination in an order of the same court dated November 8, 2010, denying that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Maurice Foster, and the plaintiff cross-appeals, as limited by his brief, from so much of the order dated June 8, 2011, as, upon reargument, adhered to the original determination in the order dated November 8, 2010, granting that branch of the motion of the defendants Automated Waste Services, Inc., and Maurice Foster which was for summary judgment dismissing the complaint insofar as asserted against the defendant Automated Waste Services, Inc.

Ordered that the order dated June 8, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 8, 2011, is reversed insofar as cross-appealed from, on the law, and, upon reargument, so much of the original determination in the order dated November

8, 2010, as granted that branch of the motion of the defendants Automated Waste Services, Inc., and Maurice Foster which was for summary judgment dismissing the complaint insofar as asserted against the defendant Automated Waste Services, Inc., is vacated, and that branch of the motion is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly assisted the defendant Maurice Foster in opening a lock on a dumpster that contained construction debris. When the dumpster gate opened unexpectedly, debris fell onto the plaintiff and allegedly injured him. The plaintiff commenced this action against Foster, Foster's employer, Automated Waste Services, Inc. (hereinafter Automated), and Westgate Contracting Corp., the owner of the property. Foster and Automated (hereinafter together the Automated defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 8, 2010, the Supreme Court granted the motion with respect to Automated, but denied it with respect to Foster. The Automated defendants and the plaintiff moved and cross-moved, respectively, for reargument of those parts of the order that were adverse to them. In the order appealed from, the Supreme Court granted reargument, but adhered to its original determination. The Automated defendants and the plaintiff appeal and cross-appeal, respectively, from so much of that order as, upon reargument, is adverse to them.

The Supreme Court correctly adhered to its original determination denying that branch of the Automated defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Foster. The papers submitted in support of the motion demonstrated the existence of a triable issue of fact as to whether Foster's actions contributed to the creation of a dangerous condition that was a proximate cause of the plaintiff's injuries (*see Baillargeon v Kings County Waterproofing Corp.*, 60 AD3d 881 [2009]; *DiSalvio v Young Men's Christian Assn. of City of N.Y.*, 51 AD3d 711, 712 [2008]). The Supreme Court, however, upon reargument, also should have denied that branch of the Automated defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Automated. The plaintiff asserts that Automated is responsible for Foster's alleged negligence under the doctrine of respondeat superior. The Automated defendants' own moving papers demonstrated the existence of triable issues of fact as to the applicability of that doctrine to the facts here (*see Dimitrakakis v Bridgecom Intl., Inc.*, 70 AD3d 885, 887

[2010]; *Beauchamp v City of New York*, 3 AD3d 465, 466-467 [2004]). Inasmuch as the Automated defendants' moving papers demonstrated the existence of triable issues of fact, the Automated defendants' motion should have been denied without regard to the sufficiency of the plaintiff's opposition papers (*see Jackson v Draz*, 94 AD3d 1057 [2012]). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.