■ Gregorio Hormigas, Respondent, v Village East Towers, Inc., et al., Appellants, et al., Defendants. [26 NYS3d 62]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 26, 2014, which denied defendants Village East Towers, Inc.'s (Village East) and Command Security Corporation's (Command Security) respective motions for summary judgment dismissing the complaint and cross claims as against them, modified, on the law, to grant the motion as to defendant Village East, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Village East Towers, Inc. dismissing the amended complaint and all cross claims against it.

Plaintiff alleges that, while crossing a street in Queens County, he sustained personal injuries when he was struck by a vehicle owned by defendant Nicomedes Sanchez and operated by defendant Robert Hernandez. It is undisputed that Hernandez was stopped at a traffic light that was at the intersection, and that the accident happened after he placed the vehicle into reverse. It is also undisputed that on the day of the accident Hernandez was employed as a security guard by defendant Command Security, which was contracted to provide security for defendant Village East's property, including the parking garage where Sanchez kept his vehicle.

Although Sanchez denied giving Hernandez permission to take the vehicle outside of the garage, he testified that Hernandez regularly delivered messages from building management to his apartment, and that he gave his car keys directly to Hernandez so that the car could be moved within

the garage while the facility was being repaired. Hernandez testified that Sanchez asked him to "look after" the vehicle and that he believed he had Sanchez's permission to operate it on the day of the accident. An incident report completed by Hernandez after the accident also states that Sanchez gave the keys to him directly and asked him to "take care of" the vehicle. In addition, Command Security's account manager testified that Hernandez told him a few weeks after the accident that he had Sanchez's permission to use the vehicle.* Hernandez also testified that on the day of the accident, he took Sanchez's vehicle for an oil change, charged the battery, and had the vehicle washed.

Drawing inferences in plaintiff's favor as we must on this motion for summary judgment, the record demonstrates that there is a triable issue of fact as to whether Hernandez was acting within the scope of his employment when the accident occurred (see *Riviello v Waldron*, 47 NY2d 297 [1979]; *Schilt v New York City Tr. Auth.*, 304 AD2d 189 [1st Dept 2003]; *Baguma v Walker*, 195 AD2d 263 [1st Dept 1993]). There are unresolved questions as to the nature of the relationship between Sanchez and Hernandez, and whether Sanchez gave Hernandez permission to operate his car outside of the garage on the day of the accident. There is also an issue of fact as to whether Command Security could have reasonably anticipated that its security guards, who had access to tenants' keys and vehicles, might operate the vehicles outside of the garage and cause injury to third parties (see *Riviello*, 47 NY2d at 303). Moreover, despite Command Security's policy that guards were to remain at the security post, the company kept a document entitled "Post Instructions" that instructed the guards to perform reasonable special requests by clients, using, as an example, leaving the security post to take a package to the post office. Although Hernandez testified that Sanchez did not ask him to perform the specific tasks of washing the vehicle, charging the battery, and changing the oil, whether Hernandez reasonably interpreted Sanchez's request to "look after" or "take care of" the car as inclusive of such tasks is a question for a jury.

In view of the disputed factual issues discussed above, the motion court erred in finding that Hernandez "basically[ ] st[ole] the car" and that he operated the vehicle without Sanchez's permission on the day of the accident. Therefore, although Command Security is not entitled to summary judg-

---

* This hearsay evidence may be used to oppose summary judgment, since it is not the only evidence submitted for that purpose (see *Briggs v 2244 Morris L.P.*, 30 AD3d 216 [1st Dept 2006]).

ment, the basis for denying its motion and the issues at trial should not be limited as the concurrence suggests.

However, we find that Village East is entitled to summary judgment, because it is undisputed that it did not employ Hernandez and was neither the owner of the vehicle involved in the collision nor the accident location (*see Morales v Living Space Design*, 278 AD2d 48, 49 [1st Dept 2000]). The record shows that Village East discharged its common-law duty to take minimal security precautions to secure the premises, including vehicles parked in its garage, against reasonably foreseeable criminal acts by third parties by hiring Command Security to secure the area 24 hours a day, seven days a week (*see James v Jamie Towers Hous. Co.*, 99 NY2d 639, 641 [2003]). Even if Village East had not hired Command Security to secure the premises, Village East would not be liable for plaintiff's injuries, because there is no evidence it had control over Hernandez or that it could have prevented Hernandez's alleged misconduct (*see Martino v Stolzman*, 18 NY3d 905, 908 [2012]; *Pulka v Edelman*, 40 NY2d 781, 785-786 [1976]). Concur— Acosta, Saxe and Manzanet-Daniels, JJ.

Sweeny, J.P., and Richter, J., concur in a separate memorandum by Sweeny, J.P., as follows: I agree, for the reasons stated, that Village East should be granted summary judgment. I also agree that Command Security was not entitled to the same relief. I write separately to clarify that the grounds upon which this case should continue against Command Security are more narrow than those proffered by the majority.

The sole basis for the motion court's denial of summary judgment to Command Security was that it allowed Mr. Hernandez to have access to the security booth so he could take Mr. Sanchez's car keys. By limiting its holding to this point, the court did not find a material question of fact whether Mr. Hernandez had permission to "borrow" Mr. Sanchez's car[1] or whether he was acting within the scope of his employment in doing so. Nor could it.

Mr. Sanchez never gave permission for Mr. Hernandez to take the car out of the garage. On the day of the accident, Mr. Hernandez was off duty, in civilian clothes, and, as also found by the motion court, engaging in personal errands. Therefore, he was not in any way acting within the scope of his employ-

---

1. In her decision, the judge said: "Someone was supposed to be in the booth at the time the keys were taken[,] . . . so either the booth was unmanned or a co-worker allowed Mr. Hernandez to, basically, steal the car." Contrary to the implication by the majority, there is no basis to conclude that Mr. Hernandez had permission to use the car.

ment (*see Hacker v City of New York*, 26 AD2d 400 [1966], *affd* 20 NY2d 722 [1967], *cert denied* 390 US 1036 [1968]; *Reilly v Connable*, 214 NY 586, 590 [1915]). The majority's reference to the phrase "look after" the car by Mr. Sanchez is no more than pure speculation to support the argument that Mr. Hernandez had permission to take the car for his personal use. Mr. Sanchez's deposition testimony is clear and unequivocal that he only gave Mr. Hernandez the keys to move his car from one parking spot in the garage to another. Couple this with Mr. Hernandez's own deposition testimony that to take the car was "wrong" and that by doing so he "made a mistake," and it is apparent that the act of taking the car was completely unauthorized.

As Mr. Sanchez never consented to Mr. Hernandez using his car, it cannot be inferred that Mr. Hernandez's actions were allowed by Command Security as a permitted favor for a tenant, as plaintiff alleges in an attempt to show that Mr. Hernandez acted with the permission of Command Security.[2]

As Command Security could not be found liable under the principle of respondeat superior, so also it could it not be found liable for negligent hiring or supervision (*see Cardona v Cruz*, 271 AD2d 221 [1st Dept 2000]; *Seymour v Gateway Prods.*, 295 AD2d 278 [1st Dept 2002]).[3]

However, as Mr. Hernandez testified at his deposition, he removed the car keys from the unlocked and unmanned security booth. Therefore, this case should proceed to trial only on the question of Command Security's direct negligence. That is, was it negligent in keeping Mr. Sanchez's car keys in the security booth where anyone could have had access, and was this a substantial factor in the ensuing accident?

---

2. Regarding the so-called oil change the majority references, Mr. Hernandez did not say why he decided to get it, had no receipt for it, and admitted it was not done at the request of Mr. Sanchez.

3. There being no nonhearsay support for the majority's position, the remaining "evidence" it relied on, i.e., the hearsay statement of the Command Security account manager, cannot be considered, for the reason admitted by the majority.