■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TURNER, Appellant. [64 NYS3d 541]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Jill Konviser, J.), rendered March 31, 2015, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.

■ LISA KURCIAS et al., Respondents, v 1043 REST. CORP., Appellant, et al., Defendant. [64 NYS3d 541]—

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about October 14, 2016, which denied the motion of defendant 1043 Restaurant Corp. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant did not establish entitlement to judgment as a matter of law in this action for personal injuries sustained when an unidentified bicycle delivery person struck plaintiff as she crossed the street. Defendant failed to demonstrate that the bicycle delivery person was not its employee. Although several of its delivery personnel testified that they were not involved in the accident, defendant did not submit affidavits from its undeposed employees who worked as bicycle delivery persons at the time of the accident averring that they had no involvement in the collision with plaintiff, or, alternatively, from someone else with that same knowledge (*see* CPLR 3212 [b]; *compare Morales v Living Space Design*, 278 AD2d 48 [1st Dept 2000]).

Since defendant failed to meet its initial burden to show that none of its employees were involved in the accident, the burden to offer evidence on the issue never shifted to plaintiff (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.