Dilek v Rozenholc (2018 NY Slip Op 08349)





Dilek v Rozenholc


2018 NY Slip Op 08349


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, JJ.


7698 652956/11

[*1]Emel Dilek, et al., Plaintiffs-Appellants,
v
David Rozenholc, et al., Defendants-Respondents. 
[And A Third-Party Action]


Rosenberg Feldman Smith, LLP, New York (Michael H. Smith of counsel), for Emel Dilek, appellant.
Nicholas J. Damadeo, P.C., Huntington (Nicholas J. Damadeo of counsel), for Louis A. Russo, appellant.
Furman Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for David Rozenholc and David Rozenholc & Associates, respondents.
Roberts & Roberts, New York (Michael J. Roberts of counsel), for Mahesh Agashiwala, Loma Agashiwala, John C. Alexander, Theodore Baer, Bertina Baer, Nolan Baer, Judy Becker, Johanna Bennett, Mariel Bennett, Jack Biderman, Isabel Barnard Biderman, Barbara E. Bishop, Terry Chabrowe, Paula Chabrowe, Amy R. Cousins, Cathy Marshall, Lori Metz, Brigid O'Connor, Lucille Petino, Debra Lyn Schinasi, Hyman Schinasi, Jean Schinasi, Kalia Shalleck and Jean Shimotake, respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered November 8, 2017, which, insofar as appealed from as limited by the briefs, granted defendants David Rozenholc and David Rozenholc & Associates' (the Rozenholc defendants) motion for summary judgment dismissing the complaints as against them, granted the tenant defendants' cross motion for summary judgment dismissing the complaints as against them, and denied plaintiff Louis A. Russo's motion for summary judgment on his complaint, unanimously affirmed, without costs.
Plaintiff Dilek was neither a signatory nor an intended third-party beneficiary of the 2009 agreement, and therefore lacks standing to sue for breach of that contract. On plaintiff Russo's prior appeal, we found that the estate of Ronald Pecunies "stepped into decedent's shoes" for purposes of Russo's breach of contract claim (Russo v Rozenholc, 130 AD3d 492, 496 [1st Dept 2015]). Russo — the estate's representative — and Dilek — decedent's girlfriend — cannot both step into decedent's shoes.
On Russo's prior appeal, we found that the agreement neither unambiguously provided for pooling nor unambiguously foreclosed pooling (see Russo, 130 AD3d at 495-496). However, extrinsic evidence submitted by the Rozenholc defendants in support of their motion for summary judgment resolved any previous ambiguities and eliminated any factual issues (see James v Jamie Towers Hous. Co., Inc., 294 AD2d 268, 270 [1st Dept 2002], affd 99 NY2d 639 [2003]). Specifically, defendants submitted affidavits of several signatories to the agreement attesting that it did not require any of them to "pool" settlement proceeds together and that each signatory intended to settle individually with the owner. Additionally, the president of the Home Owners Association and Rozenholc, who drafted the agreement, both testified that the amounts of the payments to be made by the owner to the tenants would be settled on a unit-by-unit basis, and both rejected the notion that settlement proceeds had been intended to be "pooled." This evidence concerning the manner in which the agreement was intended to operate is entirely [*2]uncontradicted on the record. Therefore, the motion court correctly determined that the agreement did not create any pooling arrangement and granted the Rozenholc defendants' motion for summary judgment.
As plaintiff Russo's malpractice claims are intertwined with his breach of contract claim, and there is no issue of fact as to whether defendants can be held liable for such breach, plaintiff Russo's claim for malpractice was correctly dismissed by the court.
Dilek's malpractice claim was also properly dismissed as she cannot establish damages or proximate cause. Dilek did not have any rights under the 2009 agreement because she was neither a signatory nor an intended third-party beneficiary of that contract. Additionally, Dilek has failed to establish that the motion court erred in deciding that she was not entitled to succession rights to the unit under the Rent Stabilization Law. Thus, but for the Rozenholc defendants' representation of Dilek, Dilek would not have received any money under the 2009 agreement, and certainly not the amount she did receive from the owner to settle the matter.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK