Xuezhen Dong v Cruz-Marte (2024 NY Slip Op 00130)

Xuezhen Dong v Cruz-Marte

2024 NY Slip Op 00130

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 23584/17 Appeal No. 1395 Case No. 2023-02016 

[*1]Xuezhen Dong etc., et al., Plaintiffs-Respondents,
v
Delvin J. Cruz-Marte et al., Defendants-Appellants, Wenhua Sung et al., Defendants-Respondents.

Marshall, Dennehey Warner Coleman & Goggin, P.C., Purchase (Steven Saal of counsel), for Delvin J. Cruz-Marte, appellant.
Foster & Mazzie LLC, New York (Mario A. Batelli of counsel), for Keystone Freight Corporation and Mystic Island Transport Inc., appellants.
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., New York (Logan Youngworth-Wright of counsel), for Xuezhen Dong as Administrator of the Estate of Jing Yin Jiang and individually, respondents.
Carman, Callahan & Ingham, LLP, Farmingdale (William A. Healy, IV of counsel), for Wenhua Sung and Gloria Y. Sung, respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about October 14, 2022, which denied the motion of defendant Delvin J. Cruz-Marte and the motion of defendants Keystone Freight Corporation and Mystic Island Transports, Inc. for summary judgment dismissing all claims and cross-claims as against them, unanimously affirmed, without costs.
Plaintiff's decedent was killed as he rode an electric bicycle on Broadway. The street was partially blocked by a double-parked vehicle owned by defendants Wenhua Sung and Gloria Y. Sung. As the decedent rode around Sungs' vehicle to continue on Broadway, he was hit and killed by a tractor-trailer driven by Cruz-Marte and owned by Keystone and Mystic (see Dong v Cruz-Marte, 189 AD3d 613 [1st Dept 2020]).
Supreme Court properly denied Cruz-Marte's motion for summary judgment, since issues of fact exist as to whether he was negligent for failing to exercise due care to avoid hitting the decedent (Vehicle and Traffic Law § 1146[a]). Cruz-Marte testified at his deposition that he did not know how close the decedent's bicycle was to the passenger side of his vehicle before the impact. He also testified that even though he first saw the decedent riding his bicycle about three or four car lengths ahead of him, he did not change the operation of his vehicle in any manner to accommodate the decedent as he passed the Sungs' double-parked vehicle (id.; see Laracuente v Ruiz, 304 AD2d 478, 479 [1st Dept 2003]).
Defendants Keystone and Mystic also are not entitled to summary judgment dismissing the complaint as against them. They do not dispute that they own the tractor-trailer that Cruz-Marte was driving or that Cruz-Marte had permission to operate the vehicle when the accident occurred. Thus, they made no showing that they could not be vicariously liable to plaintiff under Vehicle and Traffic Law § 388(1) for Cruz-Marte's alleged negligence (see Rodriguez v Morales, 217 AD3d 695, 697 [2d Dept 2023]). Nor did Keystone and Mystic show that they cannot be liable under the theory of respondeat superior for defendant Cruz-Marte's alleged negligence because they failed to establish that he was not acting in furtherance of his employment-related duties at
the time of the incident (see Dimitrakakis v Bridgecom Intl., Inc., 70 AD3d 885, 886-887 [2d Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024