■ GLORIA WEINGRAD et al., Respondents, v AGUILAR GARDENS, INC., Defendant, and EXCELSIOR MANAGEMENT CORPORATION, Appellant. [642 NYS2d 965] —In a negligence action to recover damages for personal injuries, etc., the defendant Excelsior Management Corp. appeals from an order of the Supreme Court, Queens County (Lane, J.), dated September 20, 1995, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Gloria Weingrad allegedly sustained injuries when she slipped on a wet slippery substance in the lobby of her apartment building, which is owned by Aguilar Gardens, Inc. (hereinafter Aguilar), and managed by Excelsior Management Corporation (hereinafter Excelsior). The dangerous condition was allegedly created by the porter, who was cleaning the floor. Pursuant to a contract between Aguilar and Excelsior, Excelsior "directly supervise[d] the work of" all maintenance employees.

The plaintiffs need not demonstrate that the hazard was visible and apparent, or had existed for a particular length of time since there was evidence that the porter created the allegedly hazardous condition while cleaning the floor (*see, e.g., Gaither v Saga Corp.,* 203 AD2d 239). Further, the porter who is charged with having been negligent was directly supervised by Excelsior. Accordingly, there are issues of fact which preclude the granting of summary judgment (*cf., Ioannidou v*

*Kingswood Mgt. Corp.,* 203 AD2d 248). Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.