■ PATRICIA BRODERSEN et al., Respondents, v SPECIALIZED PARKING SYSTEMS, INC., Defendant, and BROTHERS PRUDENTIAL COMPANY, Appellant. [742 NYS2d 904] —In an action to recover damages for personal injuries, etc., the defendant Brothers Prudential Company appeals from an order of the Supreme Court, Queens County (Schulman, J.), entered July 13, 2001, which denied its motion for leave to renew a prior motion for summary judgment dismissing the complaint insofar as asserted against it, which was denied by order of the same court, dated November 29, 2000.

Ordered that the order entered July 13, 2001, is reversed, on the law, with costs, the motion for leave to renew is granted, upon renewal, the order dated November 29, 2000, is vacated, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In this slip and fall case, the appellant moved for summary judgment on the ground that it had no ownership interest in the parking lot where the injured plaintiff fell. The Supreme Court denied that motion on the ground that the appellant made a prima facie showing of entitlement to judgment as a matter of law, but the plaintiffs raised a triable issue of fact. The appellant then moved for leave to renew, asserting that it had not received the plaintiffs' opposition papers before the determination of the motion. It submitted additional documentation supportive of its contention that it did not own the parking lot at issue, and that the plaintiffs' evidence suggesting otherwise was erroneous. The Supreme Court denied the motion for leave to renew on the ground that the appellant failed to offer a reasonable justification for not submitting the additional documentation with the original motion. We reverse.

The appellant established its entitlement to judgment as a matter of law based upon the evidence submitted in support of the original motion, and the motion was denied only based upon evidence submitted by the plaintiffs in opposition to the motion, which the court determined raised a triable issue of fact. The appellants' nonreceipt of the plaintiffs' opposition papers constituted a reasonable justification for failing to rebut the plaintiffs' evidence. Thus, the motion for leave to renew, which was supported by evidence showing that the evidence relied upon by the Supreme Court in denying the original motion was erroneous, should have been granted. Upon renewal, summary judgment dismissing the complaint insofar as asserted against the appellant should have been granted on the ground that it had no ownership interest in the parking lot where the injured plaintiff allegedly fell. Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.