■ CAROL M. FACCINI, Appellant, v DAVID CORDISH AND ASSOCIATES et al., Defendants, and CITY OF NIAGARA FALLS et al., Respondents. (Appeal No. 1.) [755 NYS2d 130] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered March 5, 2002, which granted the motion of defendants City of Niagara Falls and Urban Renewal Agency of City of Niagara Falls for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant City of Niagara Falls and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained in August 1995 when she tripped and fell while walking along the public sidewalk outside the Rainbow Square Mall in Niagara Falls. With respect to the order in appeal No. 1, we conclude that Supreme Court properly granted that part of the motion of defendants City of Niagara Falls (City) and Urban Renewal Agency of the City of Niagara Falls (URA) seeking summary judgment dismissing the complaint against URA. Those defendants demonstrated the entitlement of URA to judgment as a matter of law by establishing that URA had no property interest in the area where plaintiff fell and had only an easement within the mall itself, and plaintiff failed to raise an issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-564; *Brodersen v Specialized Parking Sys.*, 295 AD2d 299, 300).

We agree with plaintiff, however, that the court erred in granting that part of the motion of the City and URA seeking summary judgment dismissing the complaint against the City. There is an issue of fact whether the City received prior written notice of the alleged defective condition as required by the City Charter. A January 1995 letter to the Parks Director refers to a "potentially hazardous situation existing around the [mall]" arising from defective brickwork. Whether that notice reasonably encompasses "the particular patent defect alleged here[ ]" is an issue of fact for trial (*Brooks v City of Binghamton*, 55 AD2d 482, 484; *see Pier v Pavement Resource Mgrs.*, 144 AD2d 803, 803-804). There is also an issue of fact whether the letter was forwarded to the Department of Public Works and thus whether the proper party received the notice in accordance with the City Charter provision (*see Brooks*, 55 AD2d at 483). We further agree with plaintiff that her alleged inattentiveness goes to the issue of comparative negligence and does not negate the duty of the City to keep the sidewalk reasonably safe (*see Patterson v Troyer Potato Prods.*, 273 AD2d 865).

We reject the City's contention that the alleged defective condition is too trivial as a matter of law to be actionable. Whether a defective condition is sufficiently hazardous to create liability is generally an issue of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977; *McKenzie v Crossroads Arena*, 291 AD2d 860, 860-861, *lv dismissed* 98 NY2d 647; *Nin v Bernard*, 257 AD2d 417, 417-418; *see also Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166). We thus modify the order in appeal No. 1 by denying the motion in part and reinstating the complaint against the City.

With respect to the order in appeal No. 2, we conclude that the court erred in granting the motion of defendants David Cordish and Associates and Rainbow Square, Ltd., also known as Rainbow Mall (Cordish defendants), seeking summary judgment dismissing the complaint against them. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). The Cordish defendants failed to establish that they neither "created the defective condition [n]or caused the defect to occur because of some special use" (*Gaynor v City of New York*, 259 AD2d 733, 733), and that failure requires denial of their motion, "regardless of the sufficiency of the opposing papers" (*Alvarez*, 68 NY2d at 324). We therefore reverse the order in

appeal No. 2, deny the motion and reinstate the complaint against the Cordish defendants. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.