■ ELIZABETH AVELLINO, Appellant, v TRIZECHAHN NEWPORT, INC., et al., Respondents. [772 NYS2d 867]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 6, 2001, which granted the motion of the defendant TrizecHahn Newport, Inc., and the cross motion of the defendant Triumph Cleaning Corp., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Triumph Cleaning Corp. for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated insofar as asserted against that defendant.

The plaintiff was injured during the morning of April 30, 1998, when she slipped and fell in the ladies' room at her workplace located in Jersey City, New Jersey. According to the plaintiff, the condition that caused her to slip was a four-foot by one-foot patch of a substance that was "dry, clear and like an ice-skating rink." Shortly after the accident, the plaintiff's office administrator also observed the shiny dry patch on the floor, which she described as being like "some kind of wax." She immediately called building maintenance, which shortly thereafter sent an employee of the defendant Triumph Cleaning Corp. to clean off the substance with a wet mop.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In this slip-and-fall case, the defendants bore the initial burden of submitting evidence that they did not create the allegedly defective or dangerous condition, and did not have actual or constructive notice thereof (*see Karras v County of Westchester*, 272 AD2d 377 [2000]).

The defendant Triumph Cleaning Corp., which was responsible for cleaning the bathrooms of the plaintiff's workplace nightly during the work week, failed to carry its initial burden of submitting any evidence to refute the plaintiff's contention that it created the wax-like condition (*see Faccini v Cordish & Assoc.*, 300 AD2d 1139, 1140 [2002]). Accordingly, its cross motion "should have been denied regardless of the sufficiency of the plaintiff's opposing papers" (*Karras v County of Westchester*, supra at 378; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Faccini v Cordish & Assoc.*, supra).

Conversely, the defendant TrizecHahn Newport, Inc., which owned and managed the building at the time of the accident, established that it neither created the allegedly dangerous condition nor had actual or constructive notice of it. Since the plaintiff failed to offer any evidence to refute this prima facie showing, the motion of that defendant for summary judgment dismissing the complaint insofar as asserted against it was properly granted (*see Klor v American Airlines*, 305 AD2d 550 [2003]; *Seidenberg v Paul*, 304 AD2d 645 [2003]; *Stone v Long Is. Jewish Med. Ctr.*, 302 AD2d 376, 377 [2003]). Ritter, J.P., Santucci, Adams and Crane, JJ., concur.