DAMARIS DUGAN, Respondent, v CROWN BROADWAY, LLC, Doing Business as CROWN PROPERTIES, INC., et al., Respondents, and LARO SERVICES SYSTEMS, INC., Doing Business as LARO MAINTENANCE, Appellant. [821 NYS2d 896]—

In an action to recover damages for personal injuries, the defendant Laro Services Systems, Inc., doing business as Laro Maintenance, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 19, 2004, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The appellant contends that it cannot be held liable for the plaintiff's accident because it did not owe her a duty of care by virtue of its cleaning service contract with the defendant property owner. Although the appellant improperly raised this argument for the first time in its reply papers, we may consider it on appeal because the existence of a duty presents a question of law which could not have been avoided if brought to the Supreme Court's attention at the proper juncture (*see Buywise Holding, LLC v Harris*, 31 AD3d 681 [2006]; *Matter of State Farm Mut. Auto. Ins. Co. v Olsen*, 22 AD3d 673 [2005]; *Hoffman v City of New York*, 301 AD2d 573 [2003]).

However, the appellant failed to establish its entitlement to summary judgment upon the ground that it owed no duty of care to the plaintiff. As a general rule, a party who enters into a contract to render services does not assume a duty of care to third parties outside the contract (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]). Nevertheless, a recognized exception to this rule exists where a defendant who undertakes to render services negligently creates or exacerbates a dangerous condition (*see Church v Callanan Indus., supra* at 111; *Espinal*

*v Melville Snow Contrs., supra* at 141-142). Here, the appellant's evidentiary submissions were insufficient to make a prima facie showing that the cleaning procedures and products it utilized in performing its contractual duties did not create the alleged dangerous condition which caused the plaintiff to slip and fall (*see Petrocelli v Marrelli Dev. Corp.*, 31 AD3d 623 [2006]; *Avellino v TrizecHahn Newport*, 5 AD3d 519 [2004]). Accordingly, the burden never shifted to the plaintiff or the other defendants to produce evidentiary proof sufficient to raise a triable issue of fact in this regard (*see Petrocelli v Marrelli Dev. Corp., supra; Vasta v Home Depot*, 25 AD3d 690 [2006]; *Avellino v TrizecHahn Newport, supra*). Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.