■ Eugene Van Dina et al., Appellants, v St. Francis Hospital, Roslyn, New York, Respondent. [845 NYS2d 430]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated February 7, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Eugene Van Dina allegedly was injured when he slipped and fell on a wet substance that covered the floor of the bathroom adjacent to his hospital bed in the defendant's emergency room.

A landowner has a duty to maintain its premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Miguel v SJS Assoc., LLC*, 40 AD3d 942 [2007]; *Rodriguez v White Plains Pub. Schools*, 35 AD3d 704, 705 [2006]). A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Miguel v SJS Assoc., LLC*, 40 AD3d 942 [2007]; *Rodriguez v White Plains Pub. Schools*, 35 AD3d at 705; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]).

The defendant failed to satisfy its initial burden of submitting evidence sufficient to refute the injured plaintiff's deposition testimony, which gave rise to a reasonable inference that the defendant had created a dangerous condition on the bathroom floor by mopping (*see Dugan v Crown Broadway, LLC*, 33 AD3d 656 [2006]; *Avellino v TrizecHahn Newport*, 5 AD3d 519, 520 [2004]; *Stone v KFC of Middletown*, 5 AD3d 106 [2004]; *Weingrad v Aguilar Gardens*, 227 AD2d 546 [1996]). Furthermore, the defendant failed to meet its burden of demonstrating the absence of constructive notice of the dangerous condition since it failed to submit any evidence as to when the floor was last inspected or mopped prior to the injured plaintiff's accident (*see Ferrara v JetBlue Airways Corp.*, 27 AD3d 244 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436, 437 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]). Accordingly, the Supreme Court should have denied the defendant's motion. Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.