■ LISA COOPER et al., Appellants, v AMERICAN CARPET AND RESTORATION SERVICES, INC., Respondent. [895 NYS2d 96]—

The injured plaintiff's place of employment became flooded after a rainstorm, and her employer retained the defendant to remedy the condition. The defendant used, among other things, a hose connected to a truck to extract the water from the premises. To get to the ladies room, the injured plaintiff began to walk down an interior ramp. There was a hose on the ramp, which was coiled up and spread across most of the width of the ramp. As she tried to step over the hose, the heel of one of her shoes became caught in the hose, and she fell. As a result, the injured plaintiff and her husband, derivatively, commenced this action against the defendant. The defendant moved for summary judgment, contending that the presence of the hose on the ramp was open and obvious and not inherently dangerous. In reply, the defendant also argued that it owed no duty of care to the injured plaintiff. The Supreme Court granted the motion on the ground that the hose was open and obvious and not inherently dangerous. We reverse.

Here, the defendant failed to establish, prima facie, that the hose, which was coiled and took up most of the width of the ramp, was not inherently dangerous (*see Salomon v Prainito,* 52 AD3d 803 [2008]; *Fabish v Garden Bay Manor Condominium,* 44 AD3d 820 [2007]; *Belogolovkin v 1100-1114 Kings Highway LLC,* 35 AD3d 514 [2006]; *Palmer v Vitrano,* 29 AD3d 656 [2006]). The fact that the condition was open and obvious only raised a triable issue of fact as to the injured plaintiff's comparative negligence (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]). Although the defendant improperly raised for the first time in its reply papers the contention that it owed no duty of care to the injured plaintiff, we may consider it on appeal because the exis-

tence of a duty presents a question of law which could not have been avoided if brought to the Supreme Court's attention at the proper juncture (*see Dugan v Crown Broadway, LLC,* 33 AD3d 656 [2006]). "As a general rule, a party who enters into a contract to render services does not assume a duty of care to third parties outside the contract" (*id.; see Church v Callanan Indus.,* 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138-139 [2002]). "Nevertheless, a recognized exception to this rule exists where a defendant who undertakes to render services negligently creates or exacerbates a dangerous condition" (*Dugan v Crown Broadway, LLC,* 33 AD3d at 656; *see Church v Callanan Indus.,* 99 NY2d at 111; *Espinal v Melville Snow Contrs.,* 98 NY2d at 141-142). Under the circumstances, the defendant failed to establish, prima facie, that it did not create the alleged hazardous condition (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Laap v Francis,* 54 AD3d 1006 [2008]; *Dugan v Crown Broadway, LLC,* 33 AD3d 656 [2006]). Since the defendant failed to meet its initial burden as the movant, this Court need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.