■ MARIA KLEE, Appellant, v CABLEVISION SYSTEMS CORP. et al., Respondents. [909 NYS2d 539]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 3, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On September 18, 2005, the plaintiff allegedly tripped and fell over a black cable which was installed at her home by a field technician for the defendants Cablevision Systems Corp., Cablevision, and Cablevision of Wappingers Falls, Inc. The cable was placed above ground and stretched across the plaintiff's yard to a nearby utility pedestal. According to a field service supervisor who worked for the defendants, such cable would remain above ground only temporarily. The field service supervisor testified at his deposition that the cable had to be buried underground and that such burial would normally be completed within 15 business days of the above-ground installation. The cable on the plaintiff's lawn, however, remained unburied and stretched across the length of her lawn for somewhere between four and six months after installation and prior to the plaintiff's accident. The plaintiff testified at her deposition that prior to her accident, she complained at least seven times to the defendants to remove the cable.

The defendants moved for summary judgment dismissing the complaint. They argued, inter alia, that the cable was open and obvious and not inherently dangerous. The Supreme Court granted their motion. We reverse.

The defendants failed to establish, prima facie, that under the circumstances of this case, the cable was not inherently dangerous (*see v Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d 552, 553 [2010]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). The cable, which was stretched across the plaintiff's lawn for four to six months, was a tripping hazard which the defendants failed to remedy, despite notice of the condition. The fact that "the condition was open and obvious only raised a triable issue of fact as to the injured plaintiff's comparative negligence" (*Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d at 553; *see Cupo v Karfunkel*, 1 AD3d at 52).

In light of the defendants' failure to meet their prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The defendants' remaining contention is without merit. Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.