Aupperlee v Restaurant Depot, LLC (2019 NY Slip Op 08548)





Aupperlee v Restaurant Depot, LLC


2019 NY Slip Op 08548


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-13369
 (Index No. 3329/13)

[*1]Nicole R. Aupperlee, etc., plaintiff-respondent,
v
Restaurant Depot, LLC, appellant, Michael Grady, et al., defendants-respondents.


Cozen O'Connor, New York, NY (Eric J. Berger and Edward Hayum of counsel), for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Ralph A. Catalano of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Restaurant Depot, LLC, appeals from a judgment of the Supreme Court, Queens County (Leonard Livote, J.), dated October 28, 2016. The judgment, insofar as appealed from, upon an order of the same court (Frederick D. R. Sampson, J.) entered March 29, 2016, denying that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, and upon a jury verdict on the issue of liability finding it 70% at fault in the happening of the accident, and awarding damages, is in favor of the plaintiff and against it.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Restaurant Depot, LLC, for summary judgment dismissing the complaint insofar as asserted against it is granted, the complaint is dismissed insofar as asserted against that defendant, and the order entered March 29, 2016, is modified accordingly.
On December 19, 2012, Patricia Novak was a customer at Restaurant Depot when she was knocked to the floor by a U-Boat shopping cart, stacked high with items, that was being pushed by another customer. Thereafter, Novak commenced this action against, among others, the defendant Restaurant Depot, LLC (hereinafter the defendant), the owner of the store. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered March 29, 2016, the Supreme Court denied the defendant's motion. Following a jury trial, the jury found that the defendant was 70% at fault in the happening of the accident and awarded damages in favor of Novak. The defendant appeals. During the pendency of the appeal, following Novak's death, Nicole R. Aupperlee was substituted as the plaintiff in her capacity as executor of Novak's estate.
The defendant contends that it was entitled to summary judgment dismissing the complaint insofar as asserted against it because it did not have a duty to control the conduct of the customer who struck Novak with the shopping cart. Although the defendant has raised this contention for the first time on appeal, "we may consider it . . . because the existence of a duty presents a question of law which could not have been avoided if brought to the Supreme Court's [*2]attention at the proper juncture" (Cooper v American Carpet & Restoration Servs., Inc., 69 AD3d 552, 553-554; see Dugan v Crown Broadway, LLC, 33 AD3d 656).
"Store owners are charged with the duty of keeping their premises in a reasonably safe condition for the benefit of their customers" (Russo v Home Goods, Inc., 119 AD3d 924, 925). "[T]his duty may extend to controlling the conduct of third persons who frequent or use the property, at least under some circumstances" (Di Ponzio v Riordan, 89 NY2d 578, 582-583). "This duty is, however, not limitless" (Legon v Petaks, 70 AD3d 457, 459). "[A]n owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such persons and is reasonably aware of the need for such control" (Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 860-861).
Here, the plaintiff contends that the defendant was negligent in failing to monitor its customers' use of the U-boat shopping carts and, more specifically, in failing to require customers to refrain from loading the carts over a certain height. However, the defendant did not owe the plaintiff a duty to protect her from the other customer's negligent use of the U-boat shopping cart because it did not have control over that customer's actions (see Pulka v Edelman, 40 NY2d 781; cf. DiFranco v Golub Corp., 241 AD2d 901). Accordingly, the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, the defendant's remaining contentions have been rendered academic.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court