Bellevue Towers & Gardens, LLC v Atlantis Natl. Servs., Inc. (2022 NY Slip Op 05307)

Bellevue Towers & Gardens, LLC v Atlantis Natl. Servs., Inc.

2022 NY Slip Op 05307

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2019-08051
 (Index No. 517229/17)

[*1]Bellevue Towers and Gardens, LLC, et al., respondents, 
v
Atlantis National Services, Inc., appellant, et al., defendant.

Gene Rosen's Law Firm, P.C., Garden City, NY (Gene W. Rosen and Matin Emouna of counsel), for appellant.
Hahn Eisenberger PLLC, Brooklyn, NY (Elliot Hahn of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for negligence and professional malpractice, the defendant Atlantis National Services, Inc., appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated May 10, 2019. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Atlantis National Services, Inc., which were pursuant to CPLR 3211(a) to dismiss the cause of action alleging professional malpractice and the demand for punitive damages insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action against, among others, Atlantis National Services, Inc. (hereinafter Atlantis), an alleged title insurance/settlement/real estate services corporation, to recover damages for negligence and professional malpractice based on allegations, inter alia, that Atlantis had breached certain voluntarily assumed duties of care owed to the plaintiffs with regard to the handling of certain real estate transactions. Atlantis moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. In an order dated May 10, 2019, the Supreme Court, among other things, denied Atlantis's motion. Atlantis appeals.
A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the relevant allegations in the complaint, thereby conclusively establishing a defense as a matter of law (see Gruber v Donaldsons, Inc., 201 AD3d 887, 888; Leader v Steinway, Inc., 180 AD3d 886, 887). On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must liberally construe the complaint, accept the facts as alleged therein to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Gruber v Donaldsons, Inc., 201 AD3d at 888; Sokol v Leader, 74 AD3d 1180, 1180-1181).
Here, the Supreme Court should have granted that branch of Atlantis's motion which was to dismiss the cause of action alleging professional malpractice insofar as asserted against it, [*2]since Atlantis is not a professional for purposes of a malpractice claim (see Chase Scientific Research v NIA Group, 96 NY2d 20, 28-30). Although Atlantis improperly raised this specific contention for the first time in its reply papers, we consider it on appeal because it presents an issue of law that appears on the face of the record and that could not have been avoided if brought to the court's attention at the proper juncture (see Cooper v American Carpet & Restoration Servs., Inc., 69 AD3d 552, 553-554; Dugan v Crown Broadway, LLC, 33 AD3d 656, 656; Hoffman v City of New York, 301 AD2d 573, 574).
Nevertheless, assuming the facts as alleged to be true and according the plaintiffs the benefit of every favorable inference, the plaintiffs set forth a cognizable cause of action against Atlantis to recover damages for negligence (see Murphy v Kuhn, 90 NY2d 266, 270; Wolf v City of New York, 39 NY2d 568, 573; Petrescu v College Racquet Club, Inc., 40 AD3d 947, 949; see also Health Acquisition Corp. v Program Risk Mgt., Inc., 105 AD3d 1001, 1004-1005; cf. East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co., 39 AD3d 461, 463). Since Atlantis's submissions in support of its motion failed to utterly refute the allegations of negligence, and since its evidentiary materials similarly did not demonstrate, as a matter of law, that the plaintiffs do not have a cause of action to recover damages for negligence against Atlantis, the Supreme Court properly denied that branch of Atlantis's motion which was to dismiss the cause of action alleging negligence insofar as asserted against it. However, under the circumstances, the demand for punitive damages should have been dismissed because there are no allegations of "conduct that was intentional, malicious, wantonly negligent, or reckless" (RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970-971).
Atlantis's remaining contention is without merit (see Gorbatov v Tsirelman, 155 AD3d 836, 840). 
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court