Mangano v 62 Seguine Ave Realty, LLC (2025 NY Slip Op 50526(U))

[*1]

Mangano v 62 Seguine Ave Realty, LLC

2025 NY Slip Op 50526(U)

Decided on April 10, 2025

Supreme Court, Richmond County

Marrone, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
Supreme Court, Richmond County

Peter Mangano, Plaintiff,

against
62 Seguine Ave Realty, LLC and 56 SEGUINE REALTY, LLC, Defendants

Index No. 150303/2023

Counsel for Plaintiff:
Salvatore A. Asaro, Esq.
Howard A. Raphaelson, Esq. 
Raphaelson & Levine Law Firm, P.C.
14 Penn Plaza, Suite 1718
New York, NY 10122
sasaro@rllawyers.com
howard@rllawyers.com
Counsel for Defendant:
Adam C. Calvert, Esq.
Marshall Dennehey, P.C.
88 Pine Street, 29th Floor
New York , NY 10005 
ACCalvert@mdwcg.com

Paul Marrone, Jr., J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review of this motion:
Papers     
NYSCEF Document(s)
Plaintiff's Motion (#2) for Partial Summary Judgment on Liability,
Liability, and to Dismiss Affirmative Defense, with supporting
documents (filed December 17, 2024) 56 — 78
Defendants' Motion (#3) for Summary Judgment, with
supporting documents (filed December 30, 2024) 80 — 89
Plaintiff's Opposition to Defendants' Motion (#3)
(filed January 14, 2025) 90
Defendants' Opposition to Plaintiff's Motion (#2), with supporting
documents (filed January 16, 2025) 92 —100
Plaintiff's Reply to Defendants' Opposition (#2)
(filed January 23, 2025) 102
Defendants' Reply to Plaintiff's Opposition (#3)
(filed January 29, 2025) 104
The plaintiff in this matter, Peter Mangano ("Plaintiff"), commenced this action for personal injuries allegedly sustained on November 22, 2022. Plaintiff claims he fell after stepping into a pothole in a commercial parking lot at 60 Seguine Avenue in Staten Island, New York, owned by the defendants, 62 Seguine Ave Realty, LLC and 56 Seguine Realty LLC ("Defendants", collectively). After discovery was complete, Plaintiff filed the instant motion (Motion #2) seeking an order granting partial summary judgment on the issue of liability, dismissing the affirmative defense of comparative negligence and/or culpable conduct raised in Defendants' Answer, and finding that Plaintiff was free of comparative negligence. In the alternative, Plaintiff seeks a finding by the Court that Defendants had, at minimum, constructive notice of the defect and that the defect constituted a hazardous condition. Defendants, in turn, filed a motion (Motion #3) seeking an order granting summary judgment on the issue of liability, thereby dismissing Plaintiff's amended Complaint or, in the alternative, a determination that Plaintiff was comparatively negligent.
Opposition and replies have been filed with respect to both motions. Oral argument was heard on January 30, 2025, with the parties represented by their respective counsel, and the Court's decision was reserved.
PROCEDURAL HISTORY
Plaintiff commenced the instant action by filing a Summons and Verified Complaint on February 14, 2023. The issue was joined by service of a Verified Answer, by electronic filing, on April 3, 2023. Subsequently, Plaintiff filed an amended Complaint and Defendant filed an amended Answer.
On October 30, 2024, Plaintiff filed a Note of Issue, pursuant to the Court's Certification Order, demanding a trial by jury. 

BACKGROUND
At approximately 5:45PM on November 22, 2022, Plaintiff was present upon a rear asphalt parking lot owned by Defendants with the intention of patronizing a business which, at the time, was Defendants' tenant. Plaintiff was accompanied by two other individuals. Upon [*2]stepping away from his vehicle, Plaintiff allegedly stepped into a water-filled pothole, causing him to fall. 
Following the occurrence, one of Plaintiff's companions transported him to a hospital, where he presented with complaints of pain to his knees, left shoulder, and lower back. Plaintiff alleges that, as a result of the occurrence, he has sustained permanent injuries to his knees, left shoulder, and lumbar spine.
Defendants are the owners of the buildings located at and adjacent to the address at issue in this case, as well as the rear asphalt parking lot which provides egress to Seguine Avenue via a driveway. The parking lot was open to commercial tenants operating businesses within the buildings and their customers. Defendants bore the responsibility for the maintenance, repair, and upkeep of the parking lot.

STANDARD OF REVIEW
A motion for summary judgment should be granted if "upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212 [b]). Summary judgment is a drastic remedy which should only be granted when there is no doubt as to the absence of triable issues (Chiara v Town of New Castle, 126 AD3d 111, 125 [2d Dept 2015], citing Millerton Agway Co-op, Inc. v Briarcliff Farms, Inc., 17 NY2d 57 [1966]). Moreover, in determining a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (see Stukas v Streiter, 83 AD3d 18 [2d Dept 2011], citing Pearson v Dix McBride, LLC, 63 AD3d 895 [2d Dept 2009]).
In the context of a negligence action, a plaintiff moving for summary judgment must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033 [2d Dept 2018]). The plaintiff is not required to establish the absence of his or her comparative negligence to be entitled to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312 [2018]). The court may, however, consider the plaintiff's comparative negligence where the plaintiff moves for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence (Karim v Proline Rental, LLC, 222 AD3d 851 [2d Dept 2023], citing Sapienza v Harrison, 191 AD3d 1028 [2d Dept 2021]).

DISCUSSION
I. Defendants' Duty of Care
To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom (see Solomon by Solomon v City of New York, 66 NY2d 1026, 1027 [1985]). A property owner has a duty to maintain the property in a reasonably safe condition (Basso v Miller, 40 NY2d 233, 241 [1976]).
The manner in which property is utilized, and the frequency of its use by others, are significant factors in assessing the foreseeability of injury, the potential severity of such injury, [*3]and the measures necessary to mitigate the risk (see Peralta v Henriquez, 100 NY2d 139, 144 [2003]). Whenever the general public is invited into commercial establishments, office buildings, and other public spaces, the property owner is responsible for maintaining the premises in a reasonably safe condition for the public, including providing a safe means of entering and exiting the property (see Gallagher v St. Raymond's R.C. Church, 21 NY2d 554, 557 [1968]). Generally, this responsibility requires the property owner to exercise reasonable care under all circumstances (see id.).
For a property owner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon a property, it must be established that a defective condition existed and that the property owner affirmatively created the condition or had actual or constructive notice of its existence (Villalba v Daughney, 214 AD3d 843 [2d Dept 2023]; Chang v Marmon Enterprises, Inc., 172 AD3d 678 [2d Dept 2019]; Steed v MVA Enterprises, LLC, 136 AD3d 793 [2d Dept 2016]).
In the matter presently before the Court, Plaintiff alleges that he sustained injuries as a result of a defective condition existing on property owned by Defendants. Specifically, Plaintiff contends that a water-filled pothole in the rear parking lot caused him to fall while attempting to access a business located on the property. Plaintiff asserts that Defendants were negligent as a matter of law in failing to maintain the property in a reasonably safe condition and had actual or, at minimum, constructive notice of the aforementioned dangerous condition.
In support of his motion, Plaintiff submitted, among other evidentiary exhibits, his own deposition testimony, the deposition testimony of his two companions, the deposition testimony of one of Defendants' co-owners, photographs of Defendants' parking lot, and photographs of the pothole at issue.
In the deposition of XXXXX Ippolito, one of Plaintif's companions, Mr. Ippolito estimated that the pothole was approximately ankle deep and two feet wide. He further testified that Defendants' parking lot was "filled with holes, some deeper than others." Plaintiff testified that he felt his foot step into something "like a crater" and that, after his fall, he observed a large hole filled with water where he had stepped. Plaintiff and both non-party witnesses testified that it was dark in the parking lot and that there was steady rainfall at the time of the occurrence.
The photographs introduced by Plaintiff, taken approximately one week after Plaintiff's fall, depict large potholes filled with water in Defendants' parking lot, areas of broken asphalt, and pooling water in surrounding areas. The photographs also depict a working light fixture attached to a building in the parking lot, illuminating the area containing the potholes and damaged asphalt. Notably, one of the submitted photographs shows Plaintiff pointing to a pothole filled with water, which he identified during his deposition as the pothole at issue. During the deposition of XXXXX Puglisi, identified as one of Defendants' co-owners, Mr. Puglisi affirmed that the photographs submitted by Plaintiff were of Defendants' property. Defendants, in their motion papers, did not argue that Plaintiff is not able to identify, or is speculating as to, the cause of his fall (see Steed, 136 AD3d at 794).
Plaintiff also submitted a proposal from a contractor to repair Defendants' parking lot, dated approximately nine months after Plaintiff's fall. The proposal indicated that the scope of work would include "remov[ing] broken asphalt," "mill[ing]," and "backfill[ing] sink hole/[potholes]." Plaintiff argues that this evidence further affirms, along with the photographs and deposition testimony, that the parking lot was in disrepair and presented a hazard to commercial tenants, their employees, and customers.
Therefore, based upon the evidence in the record, the Court finds that Plaintiff has demonstrated, prima facie, that Defendants breached their duty to maintain their parking lot in a reasonably safe condition by allowing the existence of hazardous defects, including the pothole where Plaintiff tripped and fell.
II. Notice of the Defective Condition
Notably, Defendants have not disputed that they had notice of the general condition of the parking lot surface. At his deposition, Mr. Puglisi testified that, prior to the cause of action, he received a complaint regarding the parking lot from a commercial tenant. Furthermore, the complaining tenant, coincidentally the owner of the business Plaintiff intended to patronize immediately before his fall, informed Mr. Puglisi that the parking lot was in need of maintenance. Defendants have argued, however, that they lacked notice that the condition of the parking lot was dangerous.
The Court rejects Defendants' sophistical contention that their subjective belief concerning the inherent dangerousness of the condition negated their notice of the condition itself, particularly in light of Defendants' admission that they received a complaint from a tenant about the parking lot, and were aware of its state of disrepair. This self-serving argument is unpersuasive and represents a clever, yet ultimately unavailing, semantic distinction.
Moreover, the Court finds that, at minimum, Defendants had constructive notice of the dangerous condition of the parking lot. Mr. Puglisi testified that the parking lot had not been repaved for "many years" preceding Plaintiff's fall and acknowledged that the asphalt surface requires "year-to-year" general maintenance, and repaving approximately every ten years. He further testified that he is a resident of Pennsylvania and, despite receiving the tenant's complaint, he did not visit or inspect the property in 2022, and did not arrange for any professional inspection or repairs. Furthermore, the photographs of the parking lot, corroborated by the deposition testimony of Plaintiff and the non-party witnesses, further establish that Defendants had, at minimum, constructive notice of the dangerous condition of the parking lot (see Lustenring v 98-100 Realty, LLC, 1 AD3d 574, 577 [2d Dept 2003]).
To find that Defendants lacked notice under these circumstances would effectively reward a property owner for failing to adequately assess and repair a defect on their property after it was brought to their attention. In any event, as previously stated, Defendants concede in their motion papers that they had notice of the condition of the parking lot.
III. Open and Obvious, and Inherently Dangerous
Where a plaintiff has presented evidence that a dangerous condition exists on the property, the burden shifts to the property owner to demonstrate that he or she exercised reasonable care under the circumstances to remedy the condition and to make the property safe, based on factors such as the likelihood of injury to those entering the property and the burden of avoiding the risk (see Cupo v Karfunkel, 1 AD3d 48, 52 [2d Dept 2003])
In opposition to Plaintiff's motion, Defendants argued that there are at minimum two questions of fact: (1) whether the condition of the parking lot was reasonably safe such that Defendants did not breach their duty of care; and (2) whether the condition of the parking lot was open and obvious and not inherently dangerous, thus relieving Defendants of a duty to warn [*4]or protect Plaintiff from any conditions on the premises.
The Court rejects Defendants' first contention, as previously detailed herein, and finds that Plaintiff has demonstrated, prima facie, that Defendants breached their duty to maintain their parking lot in a reasonably safe condition.
Regarding the second argument, Defendants correctly cited the established principle that a property owner owes no duty to protect or warn against conditions that are open and obvious which, as a matter of law, are not inherently dangerous (Butler v NYU Winthrop Hosp., 225 AD3d 658 [2d Dept 2024]; Neiderbach v 7-Eleven, Inc., 56 AD3d 632, 633 [2d Dept 2008]; Cupo, 1 AD3d at 51). Furthermore, a property owner may not be liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 983 [2d Dept 2011]). Generally, whether a dangerous or defective condition exists on the property of another depends on the specific facts and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]).
Here, however, Plaintiff has clearly established, through the introduction of photographs depicting large, water-filled potholes and extensive areas of broken and uneven asphalt, along with substantiating testimony from Plaintiff and the non-party witnesses, that the condition of Defendants' parking lot constituted an inherently dangerous hazard to its tenants and their customers, as a matter of law. The presence of water obscuring the depth and edges of the potholes, combined with the darkness and rain at the time of the incident, further heightened the danger and unpredictability of these substantial defects.
The Court of Appeals has long held that a landowner's duty is clearly breached when a plaintiff falls due to a hole or defective step (see Peralta, 100 NY2d at 143; see Gallagher, 21 NY2d at 557). Courts have thus recognized that a ground-level hole, like the pothole in Defendants' parking lot, is a per se hazard, unlike hazards such as inadequate lighting, where the surrounding circumstances dictate the danger (see Peralta, 100 NY2d at 143; see Gallagher, 21 NY2d at 557). Furthermore, Defendants' cited cases, involving conditions like a decorative wicket fence (Samantha R. v NYC Housing Authority 117 AD3d 600, 601 [1st Dept 2014]), a parked forklift (Connor v Taylor Rental Ctr., 278 AD2d 270 [2d Dept 2000]), and parking lot dividers (Plessias v John Vincent Scalia Home for Funerals, Inc., 271 AD2d 423 [2d Dept 2000]), which were found not inherently dangerous, are readily distinguishable from an active commercial parking lot marred by potholes and broken asphalt.
Notably, Defendants further argued that the Court should deny Plaintiff's motion for summary judgment because the dimensions of the pothole, which they characterize as a "depressed area", are indeterminable due to standing water obscuring its bottom. This contention directly contradicted their primary argument that the parking lot's condition was reasonably safe, open and obvious, and not inherently dangerous. Moreover, Defendants actually referred to the pothole as a "potential hazard" in their motion papers.
Defendants have also argued that the absence of evidence of prior falls in the parking lot is probative as to whether the defect is dangerous. This is more persuasive in instances with litigation involving a prior fall at the same location, as in Defendants' cited cases (see Keech v 30 E. 85th St. Co., 173 AD3d 645 [1st Dept 2019]). Similarly, a lack of citations or violations from a regulatory or enforcement agency may also be probative (see Gomez v Congregation K'Hal Adath Jeshurun, 104 AD3d 456 [1st Dept 2013]). However, the Court is not convinced of the probative value of the lack of a prior incident record alone, especially given the photographic [*5]evidence presented by Plaintiff and the deposition testimony in the record, including that of Defendants' co-owner, regarding the parking lot's condition.
The Court finds that the submitted photographs, along with the totality of the evidence in the record, conclusively establish that the parking lot was in a dangerous condition, generally, and that the pothole in question was, itself, a hazard, particularly with the presence of water and during business hours when customers are on the premises (cf. Gallis v 23-21 33 Rd., LLC, 198 AD3d 730 [2d Dept 2021]; Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). Indeed, the Court would be hard-pressed to conclude that Defendants, with knowledge of a hazardous condition in its parking lot easily alleviated by repaving, were not required to do so (see Peralta, 100 NY2d at 145). Defendants failed to raise a triable issue of fact controverting that the condition was hazardous (see Tropper v Henry St. Settlement, 190 AD3d 623, 624 [1st Dept 2021]).
Turning to the issue of whether the condition was open and obvious, Defendants argued that the water-filled "depressed areas" were clearly apparent to anyone reasonably using their senses, and that the parking lot was sufficiently illuminated. Defendants contended that the plainly observable condition of the lot was open and obvious to someone with frequent prior use of it, given that Plaintiff visited the adjacent business several times in the year before his fall. Furthermore, Defendants maintained that, even though the incident occurred at night with dim lighting, a parking lot light reflected off the water, illuminating the area in question. Plaintiff disputed the impact of the water that filled the pothole and the adequacy of the lighting in the parking lot, and argued that his familiarity with the parking lot is not a dispositive factor.
Courts must consider the surrounding circumstances when determining whether an asserted hazard is open and obvious (see Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831 [2d Dept 2024]). Even visible hazards do not necessarily qualify as open and obvious because the nature or location of some hazards, while they are technically visible, make them likely to be overlooked (Powers v 31 E 31 LLC, 123 AD3d 421, 422 [1st Dept 2014]). A condition that is ordinarily apparent to a person making reasonable use of his or her senses may nevertheless be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009 [2d Dept 2008]). Accordingly, the issue of whether a dangerous condition is open and obvious is fact-specific and usually a question for a jury (Shah v Mercy Med. Ctr., 71 AD3d 1120 [2d Dept 2010]; Villano v Strathmore Terrace Homeowners Ass'n, Inc., 76 AD3d 1061, 1062 [2d Dept 2010]). Here, given the water-filled pothole, as it appears in the photographs submitted, its location in an area of the parking lot where patrons of the businesses on the property would be traversing, the dispute about lighting, and the surrounding puddling and broken asphalt, a triable issue of fact exists as to whether the pothole was an open and obvious condition (see Clark v AMF Bowling Centers, Inc., 83 AD3d 761 [2d Dept 2011]).
It is well-established that, although that a dangerous condition is open and obvious does not preclude a finding of liability against a property owner for failing to maintain the property in a reasonably safe condition, it is relevant to the plaintiff's comparative negligence (see Cupo, 1 AD3d at 52; see also Clark, 83 AD3d 761). In other words, the fact that the condition may be considered open and obvious only raises a triable issue of fact as to the injured plaintiff's comparative negligence (see Cooper v Am. Carpet and Restoration Services, Inc., 69 AD3d 552, 553 [2d Dept 2010]; see Cupo, 1 AD3d at 52-53). Furthermore, to the extent that Defendants argued that Plaintiff was a proximate cause of his fall, this too only raises issues of comparative [*6]negligence. The Court of Appeals has held that a plaintiff is not required to demonstrate the absence of his own comparative fault in order to obtain partial summary judgment on the issue of liability (Rodriguez v City of New York, 31 NY3d at 324-325).
The established principle that a property owner has no duty to warn of an open and obvious danger does not eliminate the concomitant duty to maintain the property in a reasonably safe condition (see Cupo, 1 AD3d at 51 citing Basso, 40 NY2d 233). To conclude that an open and obvious condition wholly absolves a landowner of liability for failing to maintain a safe premises and protect those using the property from foreseeable injuries would lead to the unacceptable outcome of shielding property owners from responsibility for even the most blatant hazards (see Cupo, 1 AD3d at 52; see also Villano, 76 AD3d at 1062). Here, the evidence demonstrates that Defendants allowed a hazardous condition to develop and persist on their property. Consequently, any negligence on the part of Plaintiff for failing to notice or avoid the dangerous condition did not relieve Defendants of liability (see Tulovic v Chase Manhattan Bank, NA, 309 AD2d 923, 925 [2d Dept 2003]; see Cupo, 1 AD3d at 52).
Therefore, the Court finds that Defendants have failed to raise a triable issue of fact sufficient to defeat Plaintiff's motion for summary judgment on the issue of liability. The evidence demonstrates that the pothole, a hazardous condition that existed and deteriorated on Defendants' property leading up to Plaintiff's fall, was a defect Defendants failed to remedy despite having notice (see Klee v Cablevision Sys. Corp., 77 AD3d 794, 795 [2d Dept 2010]). As established, the potential open and obvious nature of this condition raises only an issue of fact as to Plaintiff's comparative negligence, not a bar to Defendants' liability in the first instance (see Cooper, 69 AD3d at 553; see Cupo, 1 AD3d at 52-53).
The Court has carefully considered Plaintiff's motion, acknowledging the less common nature of such applications by plaintiffs. Even viewing the evidence in the light most favorable to Defendants as the non-moving party, the Court concludes that Plaintiff has established, as a matter of law, that Defendants breached their duty to maintain the parking lot in a reasonably safe condition.
Accordingly, the branch of Plaintiff's motion seeking partial summary judgment on the issue of liability is hereby GRANTED. However, Plaintiff's application to dismiss Defendants' affirmative defense of comparative negligence is hereby DENIED, as the apportionment of fault in this matter is appropriately a question for the jury.
IV. Defendants' Motion for Summary Judgment
Defendants' motion for summary judgment on the issue of liability is hereby denied for the reasons set forth above. The argument that the open and obvious, and not inherently dangerous, nature of a condition, warrants summary judgment for a property owner is contradicted by the record. The Court finds that Defendants' negligent maintenance of the parking lot and the inherent danger of the condition have been clearly established.
Additionally, Defendants' contention that the alleged defect was trivial as a matter of law is unavailing. The trivial defect doctrine applies to conditions "so slight that no careful or prudent [person] would reasonably anticipate any danger from its existence" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 81 [2015], citing Beltz v City of Yonkers, 148 NY 67 [1895]). To establish triviality, a defendant must present prima facie evidence of the defect's physical insignificance and that its characteristics or surrounding circumstances did not increase [*7]its risk (id. at 79). Here, Defendants have failed to meet this burden. Notably, their conceded inability to determine the pothole's dimensions, due to the obscuring water, directly undermines any claim that the defect was physically insignificant.
Moreover, the absence of definitive evidence from Defendants regarding the pothole's size and depth is significant. In determining whether a defect is trivial, courts must examine all the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere, 90 NY2d at 978). While photographs fairly and accurately representing the accident site may be used to establish that a defect is trivial and not actionable (Schenpanski, 88 AD3d at 984; see Baldasano v Long Is. Univ., 143 AD3d 933, 934 [2016]), Defendants have not presented such evidence. To the contrary, the Court notes that Plaintiff has submitted photographs depicting the condition, which were taken a week after the fall and were conceded by Defendants to depict the subject parking lot. Defendants have offered no evidence to refute the accuracy of these photographs, nor have they come forth with any facts to controvert Plaintiff's estimate, based on non-party testimony, that the pothole was ankle deep and approximately two feet wide (see Tropper, 190 AD3d at 624). 
On this record, where key dimensions are unknown due to Defendants' own assertions, and considering Plaintiff's photographic evidence, the Court finds Defendants have failed to establish, prima facie, that the alleged defect was so minor as to be non-actionable as a matter of law.

DECISION AND ORDER
Accordingly, for the reasons set forth above, Plaintiff's motion (Motion #2) is hereby GRANTED to the extent that summary judgment on the issue of liability shall be entered in Plaintiff's favor. The remaining branches of Plaintiff's motion are hereby DENIED.
Defendant's motion (Motion #3) is hereby DENIED in its entirety.
The foregoing constitutes the decision and order of the Court.